**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PATRICIA A. SCOTT,

    Plaintiff,

vs.                              CASE NO. 3:05-cv-1164-J-25HTS

PHILIP R. YATES,

    Defendant.
_____

**O R D E R**

This cause is before the Court on the application to proceed *in forma pauperis* contained in the Affidavit of Indigency (Doc. #2), filed on November 9, 2005. Upon examination of the complaint (Doc. #1; Complaint), filed on November 9, 2005, the Court has determined the suit may be subject to dismissal.

**Discussion**

Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs concomitant with a lawsuit. As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, the Court is empowered

with the discretion to dismiss the action, *sua sponte,* if it is frivolous or malicious.  *See id.*  A suit "is frivolous where it lacks an arguable basis either in law or in fact."  *Id.* at 325.  Dismissal of a complaint pursuant to this principle should be ordered only if it relies on clearly meritless legal theories, *see id.* at 327, or where the facts asserted therein "are 'clearly baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327).

The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and so courts apply the same standard in both contexts.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  However, a court should not dismiss pursuant to § 1915 for failure to state a claim without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (citation and internal quotation marks omitted); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (per curiam).

Plaintiff alleges Defendant "has unlawfully, knowingly and willingly falisf[ied] a report which has stripped [her] of [her]

- 2 -

true personality and left [her] struggling to rebuild [her] real identity." Complaint at 1.  It is unclear what cause of action she seeks to bring.  Even if accepted as true, the allegations in the Complaint do not, on their face, entitle Ms. Scott to relief in federal court.  However, in an abundance of caution, the Court will provide her one opportunity to amend the Complaint.

Accordingly, Plaintiff shall, within eleven (11) days from the date of this Order, file an amended complaint demonstrating her entitlement to relief.  She should, if possible, reference the statute or legal doctrine pursuant to which she is bringing her claim and include a brief statement of the facts that give rise to the suit.  Failure to file an amended complaint within the specified time period will result in a recommendation that this case be dismissed for failure to prosecute.  *See* Rule 3.10(a), Local Rules, United States District Court, Middle District of Florida.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of November, 2005.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record
    and *pro se* parties, if any